1 | James E. Doroshow (SBN 112920)
         jdoroshow@foxrothschild.com
2 | Stephanie L. Brill (SBN 231751)
         slbrill@foxrothschild.com
3 | Samuel L. Alberstadt (SBN 186402)
         salberstadt@foxrothschild.com
4 | Jonathan R. Lagarenne (Pro Hac Vice)
         jlagarenne@foxrothschild.com
5 | Joshua M. Hummel. (Pro Hac Vice)
         jhummel@foxrothschild.com
6 | FOX ROTHSCHILD LLP
   | 1800 Century Park East, Suite 300
7 | Los Angeles, CA 90067-1506
   | Telephone: 310-598-4150
8 | Facsimile:   310-556-9828

9 | Attorneys for Defendant and Counterclaim
   | Plaintiff, ART BRANDS, LLC
10| [Additional counsel listed on next page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HATTERAS ENTERPRISES INC., a California Corporation, d/b/a SOLARACTIVE® INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>ART BRANDS, LLC, an Ohio Limited Liability Company; and DOES 1-10, and ROES 1-30, inclusive,<br><br>Defendants. | Case No.: CV 11-05604-PSG-JCG<br><br>Hon. Judge Philip S. Gutierrez<br><br>[PROPOSED] ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION<br><br>[DISCOVERY MATTER]<br><br>Courtroom:    880<br><br>Date Complaint Filed:  7/7/11<br>Discovery Cutoff:     None<br>Trial Date:           None |
| ART BRANDS, LLC,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>HATTERAS ENTERPRISES INC., a California Corporation, d/b/a SOLARACTIVE® INTERNATIONAL,<br><br>Counterclaim Defendant. | |

[PROPOSED] PROTECTIVE ORDER
1

LAI 191294v1 12/22/11

1  Law Offices of Jeremy P. Smith
   Jeremy P. Smith (SBN 219066)
2     jps@jpsfirm.com
   22287 Mulholland Hwy., Suite 348
3  Calabasas, CA 91302
   Telephone: 818-912-6259
4  Facsimile:  818-332-7069

5  Attorneys for Plaintiff and Counterclaim
   Defendant, HATTERAS ENTERPRISES, INC.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Stipulation Governing Use and Dissemination of Confidential Information concurrently filed by Plaintiff/Counterclaim-Defendant Hatteras Enterprises Inc. d/b/a Solaractive International. ("Hatteras") and Defendant/Counterclaim Plaintiff Art Brands, LLC ("Art Brands"), the Court hereby enters this Protective Order to protect confidential information and material that may be produced or otherwise disclosed by the parties or third-parties during the course of discovery in this action.

**IT IS HEREBY ORDERED THAT:**

The following Protective Order ("ORDER") shall govern the handling of confidential, proprietary, and trade secret information produced in discovery and/or filed with the Court in this action.

## I. GOOD CAUSE STATEMENT

1. Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for this Court to enter a Protective Order due to the highly sensitive and proprietary nature of the information to be exchanged through discovery and trial of this action. The information expected to be sought and produced will likely include "trade secrets," as that term is defined in California Civil Code § 3426.1(d). "Trade secrets" may include, but are not limited, to customer lists, pricing analysis and information, market surveys and competitive research, corporate financial information and analysis, business strategies, and information related to product development, research and releases.

2. The parties agree that the disclosure to the public of such highly sensitive information may cause competitive injury and damages to the parties' and/or would unnecessarily invade the privacy of a party or person. Therefore, the parties have agreed to this Stipulation for Entry of Protective Order on the terms set forth below.

## II. INTRODUCTION

3. This Protective Order shall govern any document, information or other thing, which is designated as containing "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL–ATTORNEYS' EYES ONLY" information, as defined herein and is furnished by any party or non-party in connection with the above-captioned action ("ACTION"). Documents and other information produced in this ACTION and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" ("DISCOVERY MATERIALS") shall be used only for purposes of this ACTION. The forms of information which may be subject to this Protective Order include, but is not limited to, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, documents received pursuant to subpoena, deposition testimony and exhibits, deposition transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof (hereinafter referred to collectively as "DISCOVERY MATERIALS").

   4. All DISCOVERY MATERIALS produced in discovery in this case and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be used solely for the purpose of pre-trial proceedings (including, but not limited to, depositions, discovery, motions and briefing), trial preparation and trial, and any appeals in the ACTION. DISCOVERY MATERIALS shall not be used for any business or non-litigation related purpose whatsoever.

### III. DEFINITIONS

   5. The following definitions apply in this Protective Order:

   (A) Designation of DISCOVERY MATERIALS as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" made by a party to this ACTION shall be a certification to the Court and to the other parties that such information is believed to be Confidential within the meaning of this Protective Order. Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with these provisions shall be treated as Confidential

Information pursuant to the terms hereof until it ceases to be covered by this ORDER.

(B) The designation "CONFIDENTIAL" may be applied by any party or third party for any DISCOVERY MATERIALS pursuant to this ACTION that contain material including, but not limited to: (a) information pertaining to a third party which the party has an express or implied obligation to keep confidential; (b) personnel information; and (c) all communications pertaining to the above named information including both physical and electronic correspondence.

(C) The designation "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," may be applied by a party to highly sensitive forms of information, including, but not limited to: (a) past or current financial information (including cost, pricing and sales information), and business and/or marketing plans, strategies and techniques; (b) customer, supplier and vendor information; (c) methods of printing; (d) trade secrets as defined in Cal. Civ. Code § 3426.1(d) (which provides that the term "trade secret" "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy"); and (e) Extremely sensitive "CONFIDENTIAL" information or items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Protective Order.

///

1       (D)   "CONFIDENTIAL INFORMATION" refers to all
2 information which is subject to the designations "CONFIDENTIAL" or
3 "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," as described
4 above.
5       (E)   "PARTY" means every party to this ACTION and every
6 director, officer, employee, and managing agent of every party to this ACTION.
7       (F)   "ORDER" means this Protective Order.
8       (G)   The scope of this ORDER shall be understood and
9 interpreted to encompass not only those items or things which encompass
10 CONFIDENTIAL INFORMATION, but also any information derived
11 therefrom, and all copies, excerpts, and summaries thereof, as well as testimony
12 and oral conversation derived therefrom or related thereto.
13       (H)   "PRODUCING PARTY" means a PARTY or non-party that
14 produces Disclosure or DISCOVERY MATERIAL in this action.
15       (I)   "RECEIVING PARTY" means a PARTY that receives
16 Disclosure or DISCOVERY MATERIAL from a PRODUCING PARTY.
17       (J)   "DESIGNATING PARTY" means a PARTY or non-party
18 that designates information or items produced in disclosures or in responses to
19 discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–
20 ATTORNEYS' EYES ONLY."
21 **IV.   TERMS OF THE PROTECTIVE ORDER**
22     **A.   Designation**
23     6.   The designation of CONFIDENTIAL INFORMATION shall be made in
24 the following manner:
25       (A)   For documents, as set out in Paragraph 21 of this ORDER;
26       (B)   For tangible objects, by placing a label or tag on the object or the
27 container therefor, or, if not practicable, as otherwise agreed;
28 ///

(C) For written responses to interrogatories or requests for admissions, in writing, in the relevant responses or on the face of any such responses;

(D) For declarations or pleadings, in writing in the declaration or pleading or on the face of any such declaration or pleading;

(E) For depositions, as set out in Paragraph 22 of this ORDER; and

(F) For other oral disclosures (other than deposition testimony), through confirmation in writing within ten (10) days of the disclosure.

7. It shall be the duty of the party seeking protection of CONFIDENTIAL INFORMATION to indicate to the other party and its attorney of record which of the materials and testimony are considered confidential.

**B. Inadvertent Production**

8. Each party retains the right to subsequently re-designate documents and to require such documents to be treated in accord with such designations from that time forward. An inadvertent or unintentional failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" will not be construed as a waiver, in whole or in part, of (i) any PARTY'S claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or subsequent to that date, or (ii) any Party's right to designate said material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to this Protective Order. In the event of an inadvertent or unintentional failure to designate qualified information or items, the DESIGNATING PARTY shall promptly notify the RECEIVING PARTY that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." The DESIGNATING PARTY further shall provide the RECEIVING PARTY with substitute copies of the affected documents, marked with the appropriate confidentiality designation, at the expense of the DESIGNATING PARTY.

///

9. Upon receiving notice of the confidentiality designation of previously-produced materials, the RECEIVING PARTY shall take reasonable steps to retrieve and destroy all undesignated copies of the materials, and shall treat the designated materials according to their confidentiality designation under this ORDER. Prior to receiving notice of a change in designation by the DESIGNATING PARTY; however, the RECEIVING PARTY shall not be precluded from use of the information according to its then-existing designation, provided that the RECEIVING PARTY has no reasonable basis for believing the previous designation is in error or mistaken. No PARTY shall be deemed to be in violation of this ORDER with respect to the disclosure of any DISCOVERY MATERIAL to any other persons prior to the designation of that material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this ORDER.

10. Inadvertent or unintentional production of privileged or work product information will not be construed as a waiver, in whole or in part, of the privilege or the work product status of the information inadvertently or unintentionally disclosed. In the event of an inadvertent or unintentional production of privileged or work product information, the PRODUCING PARTY shall promptly notify the RECEIVING PARTY that the information is privileged or is work product. The PRODUCING PARTY further shall provide the RECEIVING PARTY with substitute copies of the affected documents in which the privileged or work product information has been redacted.

11. Upon receiving notice of the PRODUCING PARTY's claim of privilege or work product status of previously-produced information, the RECEIVING PARTY shall take reasonable steps to retrieve and destroy all un-redacted copies of the materials.

12. Nothing in this section shall affect the right of a party to challenge a confidentiality designation or a claim of privilege or work product through motion practice. The parties shall make a good faith effort to avoid the Court's involvement

to resolve such disputes. A receiving party who objects to the designation of any discovery response, document, thing or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall state the objection by letter to counsel for the DESIGNATING PARTY. If the objection is not resolved within ten (10) days of the receipt of such objection, the RECEIVING PARTY may move the Court to determine whether such materials qualify for treatment as CONFIDENTIAL INFORMATION under this ORDER. If the RECEIVING PARTY files such a motion: (a) the DESIGNATING PARTY shall bear the burden of establishing that the designated materials qualifies for treatment as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" under this ORDER; and (b) the materials at issue shall continue to be entitled to the protections accorded by this ORDER until and unless the Court rules otherwise.

C.  **Access To CONFIDENTIAL Information**

13. Access to information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

(A) Outside attorneys of record to any party in connection with this ACTION, and, if the attorney of record is a member of a law firm, the attorneys, employees and staff of the law firm (collectively "OUTSIDE COUNSEL"), provided that before any such person is permitted access to any "CONFIDENTIAL" information, such person shall be informed of the existence and contents of this ORDER;

(B) Organizations retained by OUTSIDE COUNSEL to provide litigation support services in this ACTION, including but not limited to court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to OUTSIDE COUNSEL, and jury consultants, provided that before any such person is permitted access to any "CONFIDENTIAL"

information, such person shall be informed of the existence and contents of this ORDER;

      (C) Independent outside experts and consultants retained in this ACTION by OUTSIDE COUNSEL or a PARTY, provided that any such actual or contemplated expert or consultant is not an employee of the parties hereto, and subject to the conditions and requirements, including Paragraphs 15 through 19, of this ORDER;

      (D) The officers, directors, and employees (including In-House Counsel) of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation and who have signed the "Non-Disclosure Agreement" (Exhibit A), subject to the conditions and requirements set forth herein;

      (E) The Court, its personnel and any court reporters involved in taking or transcribing testimony in court in this ACTION;

      (F) Such other persons as hereafter may be designated by written agreement of the PARTIES in this ACTION or by order of the Court;

      (G) Any mediator who is engaged to assist the PARTIES in settlement negotiations on a confidential basis;

      (H) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Non-Disclosure Agreement" (Exhibit A); and

      (I) The author of the document or the original source of the information, or persons to whom the document or copies thereof were addressed or delivered.

    **D. Access To "HIGHLY CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," Information**

    14. Access to information marked "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be limited to the persons identified in Paragraphs 13 (A), (B), (C), (E), (F), (G), and (I) above. Counsel for a party may give advice and

opinions to their client based on evaluation of information designated as CONFIDENTIAL INFORMATION produced by the DESIGNATING PARTY. For information designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," such rendering of advice and/or opinions shall not reveal the content of such information except by prior written agreement with counsel for the DESIGNATING PARTY.

### E. Notification Of Identities Of Outside Experts And Consultants

15. In connection with outside experts and consultants falling under paragraph 13(C) above, each party shall disclose in writing to the other party, the identity and curriculum vitae of each outside expert or consultant. Such curriculum vitae shall identify all current and former employers and/or consulting engagements of the independent expert or consultant within ten (10) years prior to the date of such disclosure.

16. If a party objects, in good faith, to an identified expert or consultant, the party shall make its objections known in writing within five (5) business days of receiving notification. The written objection shall also serve as the request for conference under Central District of California L.R. 37-1. After receipt of the objection, the party proposing the expert shall confer with the objecting party within ten (10) days. If, after good faith negotiations, agreement on the independent expert or consultant cannot be reached, the objecting party, as the moving party, shall have ten (10) days after the conference referred to above to complete its portion of the joint stipulation as described in L.R. 37-2.2 and to seek relief from the Court. In such a case, no disclosure of CONFIDENTIAL INFORMATION of the objecting party shall be made to the expert or consultant until the Court has ruled on the objecting party's motion for relief, and then only in accordance with the Court's ruling. The party or person wishing to disclose objecting party's "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information to the outside expert or consultant shall have the burden of showing the disclosure would be proper and

consistent with the Order. If a party fails to make its objections known or fails to seek relief from the Court as described in this section, its objection to an expert shall be deemed waived, and CONFIDENTIAL INFORMATION may be disclosed to the expert or consultant subject to the provisions of this Protective Order. However, in no event shall a disclosure of potential experts or consultants be deemed a waiver of any privilege or immunity.

### F. Disclosure Of CONFIDENTIAL INFORMATION To Outside Experts And Consultants

17. Documents designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the preparation for trial or trial in this ACTION, provided that before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall have signed the "Non-Disclosure Agreement" (Exhibit A). The agreement of the expert or consultant to be bound by Exhibit A shall be considered to apply to his or her clerical personnel, and those personnel need not separately execute the non-disclosure agreement.

18. Drafts of any reports provided by such expert or consultant, as well as communications between and among the expert or consultant, other experts or consultants retained by the party, the attorneys for the party retaining the experts or consultants, and/or the retaining party are not discoverable except to the extent that the communications (1) relate to compensation for the expert or consultant's study or testimony; (2) identify facts or data that the expert or consultant considered in forming the opinions to be expressed; or (3) identify assumptions that the expert or consultant relied upon in forming the opinions to be expressed.

19. The foregoing notwithstanding, any such expert or consultant who is an employee of a party or a competitor of any of the parties shall not be shown or

otherwise given access to documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

### G. Request For Additional Disclosures

20. If any counsel of record desires to communicate to any person apart from those permitted under Paragraphs 13 to 19 any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," that counsel of record shall first obtain the written consent of the DESIGNATING PARTY through such party's counsel of record or obtain leave of Court to do so. Each person to whom the CONFIDENTIAL INFORMATION is to be given, shown, made available or communicated must execute a written confidentiality agreement, in the form attached hereto as Exhibit A. Only after all of the foregoing conditions have been fully satisfied may the CONFIDENTIAL INFORMATION be communicated to any person other than those permitted under Paragraphs 13 to 19.

### H. Manner Of Designating Documents

21. A party shall designate documents containing Confidential Information by placing a legend in plain view on each page of any document that party wishes to protect against disclosure or use. This legend shall state "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," as appropriate. All documents and things shall be marked prior to the provision of a physical copy thereof to the other party.

### I. Manner Of Designating Documents

22. In the case of a deposition, counsel for such party may, at the commencement of such deposition, temporarily designate the entire deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" provided, however, that where such an initial designation has been made, the designating party, within fifteen (15) days after receipt of the transcript, shall mark as provided in this ORDER those pages of the transcript as such party shall then deem confidential, (the confidential designation of all remaining pages being rescinded after

1 such period), and shall notify the other party in writing which pages are deemed
2 CONFIDENTIAL INFORMATION. In the event that such notice is not sent within
3 said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall
4 thereafter be confidential unless the designating party thereafter notifies the other
5 party that the failure to timely designate occurred by oversight.

### J. Filing Documents With The Court

23. All information designated as CONFIDENTIAL INFORMATION which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information shall be accompanied by an application to file the information, pleading or memorandum or the portion thereof constituting or containing the CONFIDENTIAL INFORMATION material under seal in accordance with Local Rule 79-5.1 and directed to the Judge or to whom the papers are directed. The CONFIDENTIAL INFORMATION shall be filed or lodged in sealed containers on which shall be recorded the title to this action, the general nature of the contents, the words "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

> CONFIDENTIAL. This sealed container filed in this case contains confidential materials generally identified as ["CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY"], and is being filed under seal pursuant to the order of the Court. Pursuant to this Protective Order, this container shall not be opened nor shall the contents thereof be revealed except to the Court, including court personnel as necessary for handling of the matter.

Material found by the Court to meet the requirements for CONFIDENTIAL INFORMATION (as defined in this ORDER) shall be maintained under seal and shall not be made available for public review pursuant to Local Rule 79-5.

### K. Redaction

24. Documents and things produced may be subject to redaction, in good faith by the producing party, of sensitive material that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

### L. No Effect On Party's Own Use Or Disclosure To Author Or Addresses

25. Nothing contained in this Order shall affect the right of a party to disclose or to use any of its own CONFIDENTIAL INFORMATION as it desires.

26. Nothing contained in this Order shall affect the right of a party to disclose any CONFIDENTIAL INFORMATION to the author or addressees of any document containing such information.

### M. No Applicability To Public Information

27. The restrictions on dissemination of CONFIDENTIAL INFORMATION shall not apply to (i) persons in possession or knowledge of such information prior to disclosure hereunder who, absent this order, are under no restriction regarding its dissemination, but only with respect to the CONFIDENTIAL INFORMATION already in his or her possession or knowledge, or (ii) information which is public knowledge or which after disclosure, becomes public knowledge other than through an act or omission of a party receiving the CONFIDENTIAL INFORMATION.

### N. Legal Effect Of Designations

28. The designation by a party of any document, material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" is intended solely to facilitate discovery in this ACTION. This Order shall not prejudice the right of any party to bring before the Court a motion in compliance with

Local Rules 37-1 and 37-2 seeking a declaration that information produced by the other party has been wrongfully designated as CONFIDENTIAL INFORMATION and should not be subject to the terms of this ORDER. A party bringing such motion shall have the burden of proving that the information designated as CONFIDENTIAL INFORMATION is in the public domain or was in possession of the receiving party prior to its disclosure through discovery in this action, or is otherwise not appropriately designated as CONFIDENTIAL INFORMATION.

### O. Unauthorized Disclosure Of CONFIDENTIAL INFORMATION

29. If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this Stipulated Protective Order, the RECEIVING PARTY must immediately (a) notify in writing the DESIGNATING PARTY of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Non-Disclosure Agreement" (Exhibit A).

### P. Final Disposition Of Action

30. Within sixty (60) days after the final disposition of this ACTION, including appeals, each counsel of record shall: (a) promptly return to counsel of record for the DESIGNATING PARTY all CONFIDENTIAL INFORMATION and all copies made thereof which are not in custody of the Court; or (b) promptly destroy or see to the destruction of all writings related thereto, and certify to the designating party that such destruction has been done. As an exception to the above, counsel of record may retain a single file copy of any pleading, document filed with the Court, written discovery response, expert report, transcript of any deposition or trial testimony, together with all exhibits thereto, legal memorandum, correspondence, or attorney work product, even if such material contains CONFIDENTIAL INFORMATION. The copy of these retained documents shall be treated as

"HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.

### Q. Survival Of Terms

31. Absent written modification hereof by the PARTIES hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of CONFIDENTIAL INFORMATION shall survive the final disposition of this ACTION and continue to be binding on all persons subject to the terms of this ORDER.

### R. Violation Of Order

32. In the event anyone shall violate or threaten to violate any term of this ORDER, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this ORDER and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this ORDER shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law. The parties and any other person subject to the terms of this ORDER agree that this Court has jurisdiction over such person or party for the purpose of enforcing this ORDER. In the event that any CONFIDENTIAL INFORMATION is disclosed by a receiving party in violation of this order, the CONFIDENTIAL INFORMATION shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality.

### S. Subpoena In Another Action

33. Nothing in this order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action. Any PARTY, having received CONFIDENTIAL INFORMATION that receives a subpoena or other compulsory process seeking the production of all or some of those materials, shall promptly, and before producing such materials, notify in writing:

      (A)    The requesting party, court or administrative agency of this ORDER; and

      (B)    Counsel for the DESIGNATING PARTY of the receipt of such compulsory process and provide counsel for the DESIGNATING PARTY with copies of that process.

### T. Right To Assert Other Objections

34.    By stipulating to the entry of this ORDER no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this ORDER. Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this ORDER. Nothing herein affects, in any way, the admissibility of any document, testimony, or other evidence at trial or restricts the use of information obtained from investigations, interviews or other sources other than via the discovery process, motion practice or voluntary disclosure of information by any PARTY conducted under the terms of this ORDER.

35.    The Court will determine, in its sole discretion, how documents designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" will be treated during the trial of this action. The PARTIES agree to request, prior to trial, that the Court make an appropriate order to maintain the confidentiality of CONFIDENTIAL INFORMATION to the extent practicable.

Good cause having been found, **IT IS SO ORDERED.**

Dated: 1·17·2012

Hon. ~~Philip S. Gutierrez~~ JAY C. GANDHI
United States ~~District Court~~ Judge
MAGISTRATE