O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#59
11/26 hrg off

CIVIL MINUTES - GENERAL

| Case No. | CV 11-5604 PSG (JCGx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | Hatteras Enterprises, Inc. v. Art Brands, LLC | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Motion to Enforce Settlement Agreement and for Sanctions**

Before the Court is Defendant Art Brands, LLC's motion to enforce a settlement agreement and for sanctions. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the papers submitted in support and opposition of the motion, the Court DENIES the motion.

Plaintiff Hatteras Enterprises, Inc. ("Hatteras") designs, manufactures, and distributes technology and finished goods that change color in the sunlight, including, *inter alia*, inks, nail polishes, toys, and beads. *Compl.* ¶ 19. Defendant Art Brands, LLC ("Defendant") manufactures heat applied "transfer" graphics for apparel and allegedly entered into an exclusive contract with Plaintiff to purchase screen printing ink, pay Plaintiff royalties, and provide branding credit to Plaintiff on apparel and printed material related to Plaintiff's color changing ink. *Compl.* ¶¶ 23-29. The alleged breach of that contract led to Plaintiff filing this action.

From August 22, 2012 to August 25, 2012, the parties engaged in settlement discussions via email. *See Hummel Decl., Ex. A*. The parties ultimately agreed on parameters for a settlement agreement and Joshua Hummel agreed to draft a "more detailed settlement agreement for the parties' execution." *Id.* At that time, the parties cancelled the seven depositions that had been scheduled for the week of August 27, 2012, just in advance of the August 31, 2012 discovery cutoff. *See* Dkt. # 46. On August 28, 2012, Plaintiff's counsel informed counsel that Hatteras was no longer willing to abide by the terms of the agreement.

The parties filed a joint stipulation to extend the discovery cutoff date that was rejected

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#59**
**11/26 hrg off**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-5604 PSG (JCGx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | Hatteras Enterprises, Inc. v. Art Brands, LLC | | |

by this Court. Dkt. # 48. On September 13, 2012, Defendant filed this motion to enforce the parties' alleged settlement agreement, which is memorialized in the parties' emails.

     While the Court has the power to order specific performance of a settlement agreement, *see TNT Marketing, Inc. v. Agresti,* 796 F.2d 276, 278 (9th Cir. 1986), there must be an agreement for the Court to enforce. Under California law, an "agreement to agree," without more, does not form a binding contract. *See First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1065 (9th Cir. 2011). "[W]hether a writing constitutes a final agreement or merely an agreement to make an agreement depends primarily upon the intention of the parties." *Id.* (quotation marks omitted). Here, Mr. Hummel specifically detailed in his email that he would draft a "more detailed settlement agreement for the parties' execution." *Hummel Decl., Ex. A.* Mr. Hummel's comment does not indicate that the terms reached by the parties are binding, and he also indicates that additional details are forthcoming. "Where ... there is a manifest intention that the formal agreement is not to be complete until reduced to a formal writing to be executed, there is no binding contract until this is done." *Smissaert v. Chiodo*, 163 Cal.App.2d 827, 830-31 (1958).

     Defendant requests for the first time in its Reply that the Court enforce a separate agreement, dated October 9, 2012. *Reply* 1:24-2:11. The Court declines to analyze this agreement, which post-dates the filing of this motion. *See Supp. Hummel Decl., Exs.* 1-3. Indeed, the Parties' willingness to engage in settlement negotiations as recently as October 9, 2012 suggests the Parties' understanding that the earlier emails, the subject of Defendant's initial motion, did not culminate in a final agreement.

     Accordingly, in the absence of a binding settlement agreement, the Court has no authority to enforce the informal agreement. Because the parties did not reach a formal agreement, the Court similarly does not find sanctions appropriate. Furthermore, the Court already declined to extend the discovery deadline when the parties posed a joint stipulation. *See* Dkts. # 48, 49.

     For the foregoing reasons, the Court DENIES Plaintiff's motion to enforce Defendant's the parties' settlement agreement without prejudice.

     **IT IS SO ORDERED.**