O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-5604 PSG (JCGx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | Hatteras Enterprises, Inc. v. Art Brands, LLC | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present    Not Present

**Proceedings:**    **(In Chambers) Order DENYING *Ex Parte* Application for Motion to Enforce Settlement Agreement and for Sanctions**

Before the Court is Plaintiff Hatteras Enterprises, Inc.'s *ex parte* application for a motion to enforce a settlement agreement and for sanctions. Dkt. # 115. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the papers submitted in support of and opposition to the motion, the Court DENIES the motion.

I.   Background

Plaintiff Hatteras Enterprises, Inc. ("Plaintiff") designs, manufactures, and distributes technology and finished goods that change color in the sunlight, including, *inter alia*, inks, nail polishes, toys, and beads. *Compl.* ¶ 19. Defendant Art Brands, LLC ("Defendant") manufactures heat applied "transfer" graphics for apparel and allegedly entered into an exclusive contract with Plaintiff to purchase screen printing ink, pay Plaintiff royalties, and provide branding credit to Plaintiff on apparel and printed material related to Plaintiff's color changing ink. *Compl.* ¶¶ 23-29. The alleged breach of that contract led to Plaintiff filing this action.

On September 13, 2012, Defendant filed a motion to enforce the parties' settlement agreement, alleging that a settlement agreement had been reached through various email communications. *See* Dkt. # 59. On October 25, 2012, Plaintiff filed an opposition to the motion, contending that the parties had never reached a formal settlement agreement. *See* Dkt. # 77. In its November 5, 2012 Reply Brief, Defendant requested that the Court enforce a separate

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-5604 PSG (JCGx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | Hatteras Enterprises, Inc. v. Art Brands, LLC | | |

agreement (the "Agreement"), dated October 6, 2012.  *See* Dkt. # 106.  The Court denied Defendant's motion, explaining that the Agreement post-dated the filing of Defendant's motion.  *See* Dkt. # 110.  The Court noted that the prior negotiations could only be categorized as preliminary negotiations.

II.     Legal Standard

The law on ex parte applications is well-settled in this circuit.  In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.    Discussion

Plaintiff's motion is premised on the grounds that it was improper for Defendant to seek to enforce a settlement agreement and then fail to agree to the terms of that agreement.  *Mot.* 2:19-27.  However, Plaintiff knew as of the filing of its Opposition on October 25, 2012 that the parties had entered into an Agreement, as Plaintiff signed the Agreement.  Dkt. # 77.  If Plaintiff wished to enforce that Agreement, it should have so stated in its Opposition.  Instead, Plaintiff maintained the position that no settlement had been reached.  Yet now, Plaintiff seeks to enforce the Agreement.  Plaintiff wholly fails to plead facts demonstrating that its change in position was due to excusable neglect.  Accordingly, Plaintiff's self-made crisis does not entitle it to *ex parte* relief.  *See Mission Power*, 883 F. Supp. at 492.

For the foregoing reasons, the Court DENIES Plaintiff's *ex parte* application to enforce the parties' settlement agreement without prejudice.

**IT IS SO ORDERED.**